IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FREDERICK BANKS, et al., )
 )
 Plaintiffs, )
 )
 ) CIV-14-983-F
v. )
 )
ELIZABETH NETT, et al., )
 )
 Defendants. )

REPORT AND RECOMMENDATION

Plaintiff Banks is a federal inmate[1] who appears *pro se* and professes to have filed this action with two co-plaintiffs against myriad Defendants seeking damages and equitable relief. Although the Complaint is purportedly brought by Mr. Banks and two other individuals, Mr. Taylor and Mr. Michael, the signatures for Mr. Taylor and Mr. Michael[2] do not appear to be original and the only address provided for both Mr. Taylor and Mr. Michael

---

[1]Plaintiff was convicted of eight counts of mail fraud in December 2005 and sentenced in 2006 to 63 months imprisonment to be served consecutively to a previously-imposed sentence and 36 months of supervised release. His supervised release was revoked and he was sentenced to 14 months imprisonment to be followed by six months supervised release. The revocation sentence was affirmed in United States v. Banks, __ Fed. Appx. __, 2014 WL 3377685 (3$^d$ Cir. 2014)(unpublished op.).

[2]Plaintiff describes Mr. Michael as "the man in the house" and refers to an article published in The Washington Post on June 28, 2014. It is suspected that Plaintiff is describing the subject, a man diagnosed with schizoaffective disorder, of an article in that newspaper published on June 28, 2014. The article is entitled "Behind the yellow door, a man's mental illness worsens," and the first line of the article reads, "Everyone is worried about the man in the house." http://www.washingtonpost.com/national/behind-the-yellow-door-a-mans-mental-illness-worsens/2014/06/28/28bdfa9c-fbb5-11e3-b1f4-8e77c632c07b_story.html.

1

is the address of the office of The Washington Post in Washington, D.C. Thus, the Court should not consider Mr. Taylor or Mr. Michael as plaintiffs in this action.

Along with the 4-page, handwritten Complaint and attachments to the Complaint, Plaintiff has submitted a one-page "Motion to Proceed In Forma Pauperis." The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that Plaintiff's motion seeking leave to proceed *in forma pauperis* be denied and the cause of action be dismissed upon filing as frivolous.

The Complaint is difficult to comprehend. It contains rambling, paranoid accusations of a conspiracy to gather information from Plaintiff through the use of "[w]ireless signal transmissions" and other electronic information-gathering tools. The Complaint cites multiple constitutional amendments and also alleges violations of "invasion of privacy," nuisance, slander, intentional infliction of emotional distress, the "Northwest Ordinance," the "Little Tucker Act," and the "Sioux Treaty of Fort Laramie." Plaintiff has attached to the Complaint various documents, including drawings, a handwritten "press release," and an order entered in the Western District of Pennsylvania in which the court found that 28 U.S.C. § 1915(g) did not apply in that case brought by Plaintiff because he was not incarcerated at the time he filed the action. Although styled as a "Complaint and for a Writ of Mandamus [sic]," the Complaint is construed as a civil action seeking damages under Bivens v. Six

Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and supplemental state law torts.

A search of the public records of federal courts on the PACER network reveals that 28 U.S.C. § 1915(g)'s "three strikes" provision has been applied in numerous actions filed by Plaintiff due to his history of filing frivolous and abusive actions in multiple federal courts across the country. See, e.g., Banks v. Pugh, 2014 WL 2442250 (N.D. Ohio May 30, 2014)(unpublished op.)(noting Plaintiff "is no stranger to the federal courts" and "is a well-established, multi-district, frequent filer, who has, on well more than three prior occasions, 'brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted,'" noting Plaintiff had filed "over 205 cases" in multiple federal courts of which 50 were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) and 100 were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g), and dismissing the action under 28 U.S.C. § 1915(g)).

Because of Plaintiff's many frivolous filings, Plaintiff has been placed under filing restrictions in the Eighth Circuit Court of Appeals, see Banks v. Antitrust Division, et al., 533 Fed. Appx. 695 (8th Cir. 2013)(unpublished op.)(*per curiam*), and in the Western District of Pennsylvania, see Banks v. Unknown Named Number of U.S. Postal Inspectors, No. 2:13-CV-1198 (W.D. Pa. Oct. 1, 2013).

In Banks v. United States Marshal, et al., 274 Fed. Appx. 631, 2008 WL 1751700 (10th Cir. 2008)(unpublished op.), the Tenth Circuit Court of Appeals upheld two district

court decisions dismissing Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and assessed Plaintiff with four strikes under 28 U.S.C. § 1915(g). The Court cautioned Plaintiff in the decision that "he is barred from bringing a civil action without prepayment of the applicable filing fee unless he establishes that he is 'under imminent danger of serious physical injury'" pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, ___ U.S. __, 131 S.Ct. 1289, 1299-1300 (2011).

Due to his history of filing frivolous civil actions, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and he therefore may not proceed *in forma pauperis* unless he shows he is in imminent danger of serious physical injury. To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). As the Tenth Circuit Court of Appeals has previously stated, "[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is

4

filed." Stine v. U.S. Fed. Bureau of Prisons, 465 Fed. Appx. 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotation marks and citation omitted).

Plaintiff has not credibly demonstrated he is under imminent danger of serious physical injury. Moreover, many of the Defendants named in the Complaint are protected by sovereign immunity from Plaintiff's claims seeking damages. The allegations in the Complaint are clearly frivolous as they are fantastic and delusional, and the action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Denton v. Hernandez, 504 U.S. 32-33 (1992)(lawsuit must be dismissed under 1915A(b)(1) "as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'")(superseded by statute on other grounds).

Accordingly, Plaintiff's Motion for Leave to Proceed In Forma Pauperis should be denied and the action should be dismissed without prejudice pursuant to 28 U.S.C. §1915A(b) as frivolous and on immunity grounds.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Motion to Proceed In Forma Pauperis (Doc. # 3) be DENIED and the cause of action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) as frivolous and on immunity grounds. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection

to this Report and Recommendation with the Clerk of this Court by ___October 8th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this ___18th___ day of ___September___, 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE